IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC DUSTIN JOHNSON,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER DENYING<br>MOTION TO SUPPRESS<br><br>Case No.  2:07CR339DAK |

      This matter is before the court on Eric Johnson's Motion to Suppress two guns seized pursuant to a warrantless search of a storage unit on March 23, 2007.  The court held an evidentiary hearing on the motion to suppress on September 12, 2007.  Defendant appeared and was represented by Robert L. Steele.  Plaintiff was represented by Richard N. W. Lambert.  The parties then briefed the motion and the court held closing arguments on the motion on October 25, 2007.  At closing arguments, Defendant was present and both parties were represented by the same counsel as at the evidentiary hearing.  The court took the matter under advisement.  The court has carefully considered the evidence presented at the hearing, the memoranda submitted by counsel, the arguments made during closing arguments, and the law and facts relating to this motion.  Now being fully advised, the court renders the following Findings of Fact, Conclusions of Law, and Order.

### FINDINGS OF FACT

On March 23, 2007, at approximately 1:48 a.m., West Valley Police Officer Eric Anderson was on patrol at the intersection of 2700 West and 4100 South. He observed a vehicle driven by Defendant Eric Johnson make a fast turn that required the vehicle to turn into the wrong lane. Anderson ran a records check on the vehicle's registered owner that revealed two outstanding felony warrants. Based on the observed traffic violations and the outstanding warrants, Anderson initiated a traffic stop of the vehicle.

As Anderson approached the vehicle, he observed Defendant in driver's seat and three other occupants. A female, later identified as Brittany Christensen, was in the front passenger seat. Two males were in the back seats. Anderson observed that Johnson was smoking and very nervous. The vehicle was very cluttered but Anderson noticed two knives in the vehicle.

Anderson learned that Christensen also had an active warrant for possession of a controlled substance. Anderson called for back up to assist him with taking the individuals into custody. Officer McCarthy arrived first to assist. Anderson asked the passengers to exit the vehicle and the officers arrested Johnson and Christensen.

After removing the occupants from the vehicle, Anderson searched the vehicle incident to arrest. Anderson located drug paraphernalia in the console between the driver and passenger seats. Anderson opened and searched a black purse that was located on the floor of the passenger side where Christensen had been seated. Inside the purse, Anderson found more paraphernalia, such as a glass pipe with residue on it, and identification. Some of the identification in the purse belonged to Christensen and some belonged to Shannon Haroldsen. One piece of identification

was a Sam's Club card with the name of Shannon Haroldsen but the photograph of Brittany Christensen. The purse also contained documents including a rental agreement for a storage unit in Haroldsen's name at Extra Space Storage in West Valley City. The execution date of the rental agreement was the previous day, March 22, 2007.

After waiving her *Miranda* rights, Christensen told Anderson that she had obtained Haroldsen's identification from someone in the car. She later contradicted herself by stating that she found the identification and rental agreement in the parking lot of a Wal-Mart store. Christensen said that she did not rent the storage unit. Anderson contacted Haroldsen, and she told him that she had not rented a storage unit recently. Haroldsen informed Anderson that her purse had been recently stolen and that she had filed a police report regarding the incident with the Sandy Police Department. Anderson made arrangements for Haroldsen to come into the West Valley Police Department in the morning.

Anderson contacted the on-call property detective for West Valley, Detective William McKnight, at home. Anderson informed McKnight that he had a possible fraud case. Anderson informed McKnight of the pertinent facts.

Haroldsen came into the police station at 9:00 a.m. McKnight had spoken to a Senior Deputy District Attorney for legal advice regarding a search of the storage unit. McKnight asked Haroldsen to sign a consent to search form for the storage unit, which she did.

Haroldsen went with the officers to the storage unit facility. McKnight met with the manager of the storage facility, Sherry Kinsey. McKnight showed Kinsey the consent to search form that Haroldsen had signed. McKnight also explained to Kinsey that Haroldsen did not

actually rent the unit or agree to have the unit rented in her name.

The storage unit was secured with a high security lock. Kinsey gave the officers permission to use bolt cutters to cut off the latch. When the officers opened the storage unit, they found firearms.

### CONCLUSIONS OF LAW

The government challenges whether Defendant has standing to challenge the search of the storage unit because he directed his girlfriend to rent the storage unit using a false name. In order to have standing to challenge a search or seizure under the Fourth Amendment, a defendant "must demonstrate that he personally has an expectation of privacy in the place searched and that his expectation is reasonable." *Minnesota v. Carter*, 525 U.S. 83, 88 (1988). The Tenth Circuit has explained that the standing inquiry is two-fold: the test is whether "the individual manifested a subjective expectation of privacy in the area searched and whether society is prepared to recognize that expectation as objectively reasonable." *United States v. Allen*, 235 F.3d 482, 489 (10th Cir. 2000). Important considerations in the expectation of privacy equation include ownership, lawful possession, or lawful control of the premises searched. *See Rakas v. Illinois*, 439 U.S. 128, 143 n.12 (1978).

While Defendant acknowledges that the storage unit was rented using a false name, he contends that he had an expectation of privacy in the storage unit because he placed his personal property inside it, paid the fees for it, placed a lock upon it, and never disavowed an interest in it. Nonetheless, it is questionable whether Defendant could have subjectively believed that this storage unit could remain free from a search if the fraudulent rental agreement was discovered by

the storage facility employees, the police, or Haroldsen. The evidence indicates that Defendant directed Christensen to enter into the rental agreement using Haroldsen's driver license. The rental agreement, itself, provides that only Shannon Haroldsen had authority to enter the unit.

Even if the court found that Defendant had a subjective expectation of privacy in the storage unit, society does not recognize that expectation as objectively reasonable. Defendant fraudulently used a stolen identity to rent a storage unit in an attempt to conceal criminal activities. It is not objectively reasonable to assume that the individual whose name has been used for such improper purposes would not have the right to consent to a search of the unit. Prohibiting Haroldsen, a victim of identity theft, from assisting law enforcement in the investigation of crimes perpetrated with the use of her name would elevate the privacy rights of Defendant over the rights of Haroldsen to clear her name. Defendant forfeited his privacy rights to the storage unit when he directed Christensen to enter into a fraudulent rental agreement in Haroldsen's name. Society has no interest in protecting the rights of someone using another person's name to fraudulently conceal his criminal activities.

## ORDER

Based on the above reasoning, the court finds that there are no grounds for suppression of the evidence seized from the storage unit on March 23, 2006. Accordingly, Defendant's motion to suppress is DENIED.

Dated this 2d day of November, 2007.

_Dale A. Kimball_
Dale A. Kimball,
United States District Judge